**FRIEDENWALD et al. v. WRIGHT et al.**
**Civil Action No. 357.**

District Court, D. Delaware.
April 29, 1944.

George W. Lilly, of Wilmington, Del.,
for plaintiffs.

Henry R. Isaacs, of Wilmington, Del.,
for defendants.

LEAHY, District Judge.

This is an action for damages under Section 205(e) of the Emergency Price Control Act of 1942, 56 Stat. 33, 50 U.S.C. A.Appendix § 925(e). Plaintiff Friedenwald claims to have rented an apartment from defendants on December 20, 1942, with the privilege to sublet or share the apartment with a co-tenant, at a monthly rental of $42. On April 20, 1943, plaintiff Yerkey became a co-tenant. Plaintiffs claim defendants demanded $48 a month rental, commencing on October 14, 1943. Admittedly, no such amount was ever collected. Upon complaint to the Area Rent Director, plaintiffs aver they learned, for the first time, the maximum rent which could be charged during the tenancy of both plaintiffs was $41 a month. They bring suit to collect $50 for each alleged violation, and, as there were ten rental collections of $42 per month, amounting in all to a $10 excess charge, plaintiffs seek recovery of $500, plus reasonable attorney's fees. The case was heard by the court, without a jury, which makes the following findings of fact:

1. Defendants own the dwelling house and apartment at 516 West Fourth Street, Wilmington, Delaware.

2. Plaintiff Friedenwald was a tenant of an apartment on the second floor of defendants' property from December 20, 1942, until August 20, 1943; plaintiff Yerkey became co-tenant on April 20, 1943, and continued as tenant up to the time of trial.

3. Defendants filed with the Area Rent Director a registration statement indicating the maximum rental for the apartment, as of March 1, 1942, should be $41 per month. On January 12, 1944, after the institution of the instant suit, defendants filed an amended registration accompanied by an affidavit which set forth that as of March 1, 1942, the maximum rental for the apartment was $10.25 per week, or $44.14 per month. Plaintiffs' attorney was notified of the amended registration, but no contest was had in the administrative agency challenging the truth of the matters contained in the amendment.

4. Plaintiffs have never paid more than $42 per month for the apartment.

5. The uncontradicted evidence shows that from February, 1942, until August,

1942 (which includes March 1, 1942, the pivotal date), a tenant paid $44.14 a month. The tenant who had paid this amount testified as to this fact on direct examination; and cross-examination failed to weaken the credibility of his testimony. In addition, no rebuttal testimony was offered by plaintiffs challenging the fact that $44.14 was the monthly rental as of March 1, 1942.

The court arrives at the following conclusions of law:

█ 1. Under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 901 et seq., and Rent Regulation for Housing issued May 31, 1943 (8 F.R. 7322), the maximum rental for the apartment was the rental received by defendants on March 1, 1942.

█ 2. In view of the finding of fact that on March 1, 1942, the monthly rental charge was $44.14, defendants are not estopped, by reason of filing their amended registration statement with the Area Rent Director on January 12, 1944, from saying this was the legitimate rental price.

█ 3. On the basis of the evidence adduced, defendants were receiving on March 1, 1942, a monthly rental of $44.14; hence, there has been no excessive payment of rent by plaintiffs and none received by defendants in violation of the Act and Regulation.

4. The complaint should be dismissed without costs to either party as against the other.